ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. TAYLOR.

Opinion delivered June 22, 1914.

1.  MASTER AND SERVANT—RAILWAY HOSPITAL—DUTY TO EMPLOYEES.—A railway company which provides a hospital for its employees, out of funds gratuitously collected for that purpose, is held only to the exercise of ordinary care in the selection of competent and skilful physicians and surgeons to administer relief and provide attention to the sick and injured employees. (Page 448.)

2.  MASTER AND SERVANT—RAILWAY HOSPITAL—RULES AND REGULATIONS.— The rules of the hospital department of a railroad company, conducted for the benefit of sick and injured employees, is not a contract between the company and the employees. (Page 448.)

3.  RAILROADS — INJURED   EMPLOYEES — HOSPITAL — TRANSPORTATION.— Where a railroad company undertook to provide its employees, when injured or afflicted, with free transportation to the railroad hospital, and with an order admitting such employee to the hospital, any violation of this obligation will render the company liable for any damages which ensued. (Page 448.)

Appeal from Independence Circuit Court; *R. E. Jeffery*, Judge; reversed.

*E. B. Kinsworthy, McCaleb & Reeder* and *T. D. Crawford,* for appellant.

1.  The company is not responsible for negligence of physicians and surgeons at the hospital, if it used ordi-

nary care in selecting them. Instruction No. 1 for plaintiff was error. 98 Ark. 399; 106 *Id.* 442.

2.   The company did not fail nor refuse transportation when requested, nor was it liable for not so doing. 79 Ark. 484.

3.   The book of rules of the hospital department should not have been admitted as evidence. It had no tendency to prove any issue. Its admission misled the jury.

*Norwood & Grant,* for appellee.

1.   The company was liable for medicines, etc., obtained elsewhere, having failed to furnish them at the hospital. 65 Ark. 31; 98 *Id.* 399; 100 Ark. 107. The latter cases are not in point.

2.   It was liable for transportation. 79 Ark. 484.

3.   The book of rules was competent evidence.

McCulloch, C. J.   On or about the 1st day of November, 1910, the plaintiff was working for defendant railway company as a section hand in this State, and became sick, his ailment being diagnosed by a local physician as a case of pneumonia. At the close of the day's work, when he found that he was sick, plaintiff called upon his immediate superior, the section foreman, for a pass over the company's line to Little Rock, and for a permit to enter the hospital. The section foreman promised to comply with his request, but neither the pass nor the permit came until after a delay of about ten days, and in the meantime plaintiff remained at his home at Sulphur Rock, Independence County, Arkansas, and was so sick that he was compelled to have a physician to visit him twice a day. When the pass was delivered to him, he came to Little Rock to the hospital, and he alleges that he was not given proper treatment, and that after a stay at the hospital for about ten days, he was compelled to return to his home, where he languished on the sickbed for a considerable length of time, and that his health was seriously impaired by the failure to get proper treatment while at the hospital.

Plaintiff instituted this action against the defendant to recover damages, alleging that the defendant contracted to furnish him hospital accommodations and medical attention, medicine, etc., and that on account of its failure to do so, he suffered injuries, for which he seeks damages for the various items of alleged injury, aggregating the total sum of $8,431.81.

On the trial of the case, plaintiff was awarded damages in the sum of $750 by the verdict of the jury, and subsequently a remittitur was entered down to $450, and the defendant, after its motion for a new trial was overruled, appealed to this court.

The undisputed evidence shows that defendant company "assumed gratuitously to collect and preserve such funds and provide hospital accommodations and competent physicians and surgeons to operate it, without any profit or gain or hope of it therefrom," and under those circumstances we held that the company "can only be considered a trustee for the proper administration and expenditure of such fund, and should be held only to ordinary care in the selection of competent and skillful physicians and surgeons to administer relief and provide attention to sick and injured employees." *Arkansas Mid. Rd. Co.* v. *Pearson,* 98 Ark. 399, 106 Ark. 442.

There is nothing in the evidence to show that the company undertook to do anything more than to "collect and preserve such funds and provide hospital accommodations and competent physicians and surgeons to operate it, without any profit or gain," and the court erred in submitting to the jury the question of a contract on the part of the company to furnish physicians and hospital facilities.

The plaintiff relied upon the book of rules and regulations with respect to the hospital department, which was introduced in evidence, and particularly that part of rule 1, which reads as follows:

"All the officers and employees of the Missouri Pacific Railway Company and the St. Louis, Iron Mountain & Southern Railway Company, and all employees of such other corporations operated and connected therewith,

resident within the jurisdiction of the hospital staff and who are assessed in accordance with the rules, are entitled to the benefits provided by the Missouri Pacific-Iron Mountain Hospital Department under the regulations and restrictions herein prescribed.''

This is merely one of the rules of the hospital department, and does not amount to a contract on the part of the railway company to furnish those facilities.

The railway company was, therefore, not responsible for the refusal or failure of those in charge of the hospital to give plaintiff proper service.

It is not contended that there was any negligence on the part of the defendant in its selection of physicians and others in charge of the hospital.

The evidence does show, however, that defendant company undertook to provide its employees, when injured or afflicted, with free transportation to the hospital, and also to furnish an order or permit which would admit such ill or injured employee to the hospital. This being so, any violation of its obligation in that respect would render it liable for any damages which ensued. The evidence in the case tends to establish the fact that plaintiff called for a pass and a permit, but there was a negligent delay of about ten days in furnishing the same to him. In the meantime, he was compelled to call in a local physician, who treated him and charged him $2 a visit for fourteen visits, making a total bill of $28. The evidence also shows that he was compelled to spend $5 for medicine. This expense of medical attention and obtaining medicine would have been avoided if there had been no delay in procuring the pass and permit. The evidence, therefore, putting it in its light most favorable to plaintiff's cause of action, establishes damages which he is entitled to recover in the sum of $33, and no more, for the delay in furnishing him transportation and an order or permit authorizing him, as an employee, to enter the hospital. The judgment of the circuit court will, therefore, be reversed and judgment will be entered here for plaintiff for damages in that sum.