SMITH *v.* BUCKEYE COTTON OIL COMPANY.

Opinion delivered May 19, 1919.

1. APPEAL AND ERROR—AMENDMENT OF PLEADING TO CONFORM TO PROOF.—Pleadings will not be treated as amended on appeal so as to allege a fact which appears only inferentially.

2. MASTER AND SERVANT—NEGLIGENCE OF PHYSICIAN.—An employer having the duty to furnish medical attention to its employees, is not liable for the physician's negligence or lack of skill, but only for failure to exercise ordinary care in selecting a physician.

Appeal from Prairie Circuit Court, Northern District; *Thos. C. Trimble,* Judge; affirmed.

*Glen H. Wimmer* and *Brundidge & Neelly,* for appellant.

1. It was error to direct a verdict for defendant. There was evidence in plaintiff's favor which should have been submitted to a jury. 89 Ark. 522; 119 *Id.* 590; 65 *Id.* 94; 77 *Id.* 566; 36 *Id.* 451; 35 *Id.* 146; 62 *Id.* 63; 103 *Id.* 401; 92 *Id.* 570; 89 *Id.* 273; 103 *Id.* 401; 119 *Id.* 589; 92 *Id.* 502; 71 *Id.* 445; 120 *Id.* 1; 111 *Id.* 309; 105 *Id.* 526; *Ib.* 136; 120 *Id.* 206; 98 *Id.* 334; Thompson on Negl., § 3842; 118 Minn. 217; 40 L. R. A. (N. S.) 485; 136 N. W. 741.

2. If the complaint was insufficient it should be treated as amended to conform to the proof. 42 Ark. 503; 42 *Id.* 57; 78 *Id.* 346; 65 *Id.* 422; 43 *Id.* 451; 62 *Id.* 262; 88 *Id.* 363.

*Cockrill & Armistead,* for appellee.

1. The company was not liable for the doctor's negligence and a verdict was properly instructed. 98 Ark. 399.

2. All the plaintiff's evidence was objected to and none of it shows negligence on part of defendant, and the complaint should not be considered as amended to conform to the proof. There is no allegation that defendant was negligent in the selection of a competent physician. The employer's negligence must be alleged and proven.

SMITH, J. Appellant was the plaintiff below and alleged in his complaint that while employed by appellee (the defendant) he was directed to wipe an engine and while doing so got his fingers caught and crushed in the machinery and that thereafter he was directed to go to a physician employed by appellee to treat its injured

employees, and that this physician treated his injuries so carelessly and negligently that the amputation of all the fingers on the injured hand became necessary. In support of these allegations testimony was offered which would have supported a verdict—had the jury so found—that appellant had not been properly and skillfully treated by the physician. But at the conclusion of appellant's testimony the court directed the jury to return a verdict in appellee's favor, and this appeal has been prosecuted from the judgment pronounced thereon.

The testimony in the case appears to have been addressed to the proposition that the physician was negligent and that appellee was liable for this negligence because it directed appellant to consult him. There is no intimation in the pleadings that appellee was negligent in selecting a physician, nor is there any testimony to that effect unless it be by inference that appellee was negligent through having employed a negligent physician, and in appellant's brief cases are cited in which this court has held that pleadings will be treated as amended to conform to the testimony where the testimony is admitted without objection. No offer was made to amend the pleadings in the court below, nor was it there insisted that the pleadings should be treated as amended to conform to the testimony, and we think that no policy, however liberal, of permitting pleadings to be treated as amended to conform to unobjected testimony would require us to treat the pleadings as amended to allege a fact which appears in the testimony, not as a direct affirmation, but only as an inference from the testimony.

We have a case, therefore, in which the pleadings and proof show only that an injured employee was directed to, and placed in charge of, a physician who was guilty of negligence in his treatment of the case. But this allegation and this proof did not make a case for the jury. Where the employer owes his employee the duty of furnishing medical attention, or undertakes to discharge that duty, he does not become liable for the

physician's negligence or lack of skill, but is liable only when he fails in the discharge of his duty to exercise ordinary care to select a physician possessing the requisite skill and learning and one who would give the patient the attention and treatment which the case requires. This is the doctrine of the case of *Ark. Midland Ry. Co.* v. *Pearson,* 98 Ark. 398, and of *St. L., I. M. & S. R. Co.* v. *Taylor,* 113 Ark. 445. The judgment of the court below is, therefore, affirmed.